**[J-28-2021] [MO: Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 71 MAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1646 EDA |
| | : | 2019 dated May 28, 2020 Affirming |
| v. | : | the Judgment of Sentence in the |
| | : | Chester County Court of Common |
| | : | Pleas, Criminal Division, at No. CP- |
| SHERON JALEN PURNELL, | : | 15-CR-4353-2016 dated March 18, |
| | : | 2019 |
| Appellant | : | |
| | : | ARGUED:  April 14, 2021 |

**CONCURRING OPINION**

**JUSTICE DONOHUE**                    **DECIDED:  September 22, 2021**

I concur in the result reached by the Majority and I join in the adoption of the balancing test enunciated in *State v. Devon D.*, 138 A.3d 849 (Conn. 2016) for the trial court's guidance in deciding whether to permit the utilization by a witness of a comfort animal.  The test we adopt includes, inter alia, consideration of "the extent to which the dog's presence will permit the witness to testify truthfully, completely and reliably[.]" Majority Op. at 16 (citing *Devon D.*, 138 A.3d at 867).  Regardless of the formulation of a balancing test, it is obvious that the first consideration for a trial judge must be whether the evidence supports a conclusion that the accommodation will in fact assist the witness. Here, the Commonwealth did not present evidence that the presence of the comfort dog would help the witness testify reliably and completely.  Nonetheless, because defense counsel did not raise this issue before the trial court, it is not preserved for appellate

review.[1]  Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").  Absent objection by the defense, I am constrained to agree with the result reached by the Majority.

In *Devon D.*, the Connecticut case from which the Court adopts the balancing test, the trial court held an evidentiary hearing, at which the state called a licensed clinical social worker to explain how the presence of a comfort dog, Summer, would lessen the eight year old victim's anxiety about testifying.  The social worker testified that the victim was anxious about testifying and that children who are anxious are less likely to be able to talk about their memories and life experiences.  *Devon D.*, 138 A.3d at 867.  The social worker also testified that Summer was trained to provide support to children who experienced anxiety, and her presence decreases people's anxiety levels and increases their ability "to engage and share difficult life situations."  *Id.* at 861-62.  The social worker made the critical observation that when Summer was present, the victim was "less anxious and more verbal, to engage, to answer questions, and to talk."  *Id.* at 867.  With that thorough record, the Connecticut Supreme Court concluded that the dog would be of actual assistance.

In *People v. Tohom*, 109 A.D.3d 253, 257 (N.Y. App. Div. 2013), the prosecutor supported the request for the assistance of a comfort dog by calling a social worker who testified that the victim was "unable to express her emotions" or discuss the abusive

---

[1]  Defense counsel objected to the dog's presence because it would create undue sympathy for the witness, N.T., 11/28/2018, at 7-8, and it would distract the witness.  N.T., 11/29/2018, at 49-55.  In his brief in this Court, Appellant argues that the trial court abused its discretion because there was no evidence that the presence of the dog would have a therapeutic benefit or assist the witness in testifying truthfully.  Appellant's Brief at 34.  No such objection to the accommodation in the case was made in the trial court.

conduct underlying the case. The social worker also testified that the dog's presence enabled the victim to become "a lot more verbal" during therapy sessions and would allow the victim "to better express herself verbally" at trial. *Id.* at 257-58.

To support their requests for the assistance of a comfort dog, the prosecutors in the Connecticut and New York cases presented evidence that the witnesses' anxiety or reticence would make it difficult for them to testify and that the dogs' presence would enable the witnesses to testify more candidly and reliably at trial. In lieu of a social worker, a parent or close relative or another with actual knowledge of the witness's testimonial inhibitions and beneficial effect of the dog's presence in alleviating the barrier would likewise provide an evidentiary basis for allowing the accommodation. Whatever the source, evidence that the accommodation would assist the witness's testimony is crucial.

In the case before us, the Commonwealth presented no evidence to demonstrate that the presence of the sheriff's dog would enable the witness to testify more reliably and completely. The Commonwealth relied on the facts that A.H. was a juvenile who allegedly witnessed Appellant shoot and kill Victim; that A.H. was with another witness when the witness was attacked in an attempt to intimidate him from testifying; and that A.H. feared that she may be shot for testifying. Majority Op. at 17. The Commonwealth's main justification for requesting the dog's presence was that the witness was fearful of coming to court. Although these hearsay statements by the prosecutor demonstrate that A.H. felt unsafe, there is no evidence that the presence of this comfort dog would alleviate her safety concerns and enable more reliable and complete testimony.[2] On this record, there

---

[2] At the hearing, the Commonwealth made clear that the fear of testifying was the only reason for having the dog present. N.T., 11/19/2018, at 51 (stating that the witness "has

is no basis for a finding that the dog's presence would enable the witness to testify in a truthful manner.

Nonetheless, because defense counsel did not object to the lack of evidence demonstrating that the comfort dog would aid the witness in testifying truthfully and reliably, the issue was waived, and this Court cannot address the issue for the first time on appeal. Pa.R.A.P. 302(a). I therefore concur in the result reached by the Majority.

---

voiced her fear of coming to court and I'm asking for the dog to be there as a comfort item for her"). There was no evidence that the dog made the witness feel safe. When the trial court inquired of A.H.'s autism, "Is that the primary reason why or what singles her out from other witnesses who were her same approximate age? I mean, why is it that you're mentioning her by name and not the others for the comfort dog?[,]" the Commonwealth answered, "A.H. has expressed to law enforcement that she is concerned about her safety coming to court and it's for that reason the Commonwealth is asking for the dog to accompany her to the stand." *Id.* at 52-53. Notably, the Commonwealth now lists various other facts suggesting support for the finding that the comfort dog would be beneficial, including that the witness was autistic, has learning disabilities and is easily distracted. Commonwealth's Brief at 28-29. However, no matter the justification for the concern regarding the witness's testimonial inhibitions, the Commonwealth needed to present evidence that the dog's presence would assist the witness. Since the comfort dog was the sheriff's dog, not the witness's dog, the record lacks even the most basic evidence that the witness was observed spending time with the animal newly introduced into her life, and that she reacted favorably to the dog.